## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RECEIVED

2006 AUG -7 A 9: 12

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ROBERT PRUETER, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| vs. | * | CASE NO. 1:06cv694 |
| | * | |
| CDA DETECTIVE & SECURITY | * | |
| SERVICES, a corporation or business | * | |
| entity doing business in the State of | * | |
| Alabama, R. Head, and individual | * | *State Court Case No.* |
| and X, Y, Z, being persons, partnerships | * | *Circuit Court of Dale County* |
| or corporations whose names | * | *CV 2005-261* |
| are otherwise unknown but will be added | * | |
| by amendment when ascertained | * | |
| | | |
| DEFENDANT. | | |

### NOTICE OF REMOVAL

**COMES NOW**, the Defendants, CDA Detective & Security Services and R. Head, and give

notice to the Court and opposing Counsel, for removal of the above cause to the United States

District Court for the Middle District of Alabama, Southern Division. As grounds therefore, the

Defendants aver the following:

1. Removal Jurisdiction is based upon original jurisdiction lying in the federal district court.

A defendant may remove to federal court "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

2. Plaintiffs' responses to interrogatories, which only recently have been received by the

Defendants, show that the Plaintiff's cause of action falls under a collective bargaining agreement

and is a complaint based upon the interpretation and guidance of a collective bargaining agreement.

As such, plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

3. Actions arising under § 301 of the LMRA are within the federal court's original jurisdiction. Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 559-60, 562 (1968). Section § 301 preempts any state claim alleging the violation of a collective bargaining agreement or requiring an analysis of the terms of such an agreement. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-13 (1985). When resolution of a state law claim depends upon analysis of the terms of a labor agreement, section 301 will preempt that claim. Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1155 (10th Cir. 1991).

4. In his answers to Defendants' Interrogatories, the Plaintiff has stated that his cause of action is based upon the collective bargaining agreement. The interrogatory questions read as follows:

> 5. Did you have an individual contract of employment with the Defendants or were you hired under a collective bargaining agreement?

> A:    **I was hired under a collective bargaining agreement.**

> 1. In Paragraph 6 of the complaint you state "... for a day off as allowed by procedure per company policy, rules, and handbook(s)". Describe with specificity, to include the document referred to, the particular page, and paragraph number, the "company policy, rules, and handbook(s)" referred to in this paragraph of your complaint and relied upon by you for your cause of action

.

> A:    **Please refer to Section 10.11 Personal Time/Sick Time, Paragraph A on Page 15 of the employee handbook.**

There is no employee handbook. Paragraph A on Page 15, Section 10.11, is found in the collective bargaining agreement -- Agreement between CDA Incorporated and United Government Security Officers of America (UGSOA) and UGSOA Local #401, Fort Rucker, Alabama, entered into on March 1, 2004.

5. Since the Plaintiff's cause of action is based upon the collective bargaining agreement between CDA and the guards local union chapter, this court has original jurisdiction § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Therefore, the Plaintiff's state law claims have been pre-empted by federal law and this case should be removed from the Circuit Court of Dale County, Alabama to this court.

6. The Defendants received this information giving rise to grounds for removal recently on July 21, 2006. They submit they have not been less than diligent in filing this notice of removal. Attached are the original and amended state court complaints (TAB A) of the Plaintiff and the state court answers of the Defendants (TAB B).

**DATED** this _3rd_ day of August, 2006.

_Everett M. Urech_
**Everett M. Urech**
**Attorney for Defendants**
**Urech & Livaudais, P.C.**
**Post Office Drawer 70**
**Daleville, Alabama 36322**
**(334) 598-4455/fax-598-2076**
**daleatty@snowhill.com**

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing document, upon counsel of record in this litigation, according to law, by placing a copy of same in the United States Mail, postage prepaid and properly addressed to the parties below on this 3rd day of August, 2006.

Mr. J.E. Sawyer, Jr.
Attorney for the Plaintiff
203 South Edwards Street
Enterprise, AL 36330

Clerk of Court
Circuit Court of Dale County
P.O. Box 1350
Ozark, AL 36361

**Of Counsel**

4

)                                    )

## IN THE CIRCUIT COURT FOR DALE COUNTY, ALABAMA

**ROBERT PRUETER,**                         *

     **PLAINTIFF,**                      *

**VS.**

                             *    CASE NO: CV 05- $\partial\lvert\rho\lvert$-M

**CDA DETECTIVE & SECURITY**
**SERVICES, a corporation or business**      *
**entity doing business in the State of**
**Alabama, R. Head, an individual,**         *
**and X, Y, and Z, being persons,**
**partnerships or corporations whose names**  *
**are otherwise unknown but will be added by**
**amendment when ascertained,**              *

     **DEFENDANTS.**                     *

### COMPLAINT

#### _Wrongful Termination_

Comes now, Plaintiff, **ROBERT PRUETER,** by and through his attorney of

record, J.E. Sawyer, Jr., and makes the following Complaint of Wrongful Termination,

and would say as follows:

     1.     Plaintiff, Robert Prueter, is of legal age and is a resident and citizen of

Coffee County, Alabama.

     2.     Defendant, CDA Detective and Security Services, is a corporation or

business incorporated and/or doing business under the laws of a State in the United

States, places of business in States within the Union, and more particularly doing

business in Dale County, Alabama, either actively or by advertisement or solicitation.

     3.     R. Head is an individual residing in Coffee or Dale County, Alabama, and

is an officer or security head whose actions caused the work complained of in this

complaint.

)                                                    )

4.      Defendants, X, Y, and Z, are believed to be residents of the State of Alabama and more particularly in Dale and Coffee Counties, and other states within the United States of America whose names are otherwise unknown at the present time but will be substituted by amendment when ascertained.

5.      Plaintiff avers that he was hired as an employee of Defendant(s) pursuant to a contract of employment.

6.      On or about the 5th day of July 2005, a representative for the Defendant(s) advised Plaintiff that he was terminated from his employment. Plaintiff avers that said termination is a consequence of internal strife in the Defendant(s) company and Plaintiff's desire for a day off as allowed by procedure per company policy, rules and handbook(s).

7.      The sole reason given by Defendant(s) for the termination of Plaintiff's employment was that Plaintiff did not show up for work on the 4th of July, even after being told not to come in by Defendant's supervisor(s) and after Plaintiff repeatedly requested the day off.

8.      Plaintiff avers that Defendants intentionally, negligently and/or maliciously terminated Plaintiff's employment and in violation of Defendant(s) company policy, procedure and employer rights.

9.      At the time of the discharge, Plaintiff had been employed by Defendant since 07 July 2003 and was making approximately $792.15 bi-weekly.

10.     Plaintiff had been unable to find gainful or comparable employment since Plaintiff's discharge, and has suffered extreme mental anguish and financial injury.

WHEREFORE, Plaintiff prays that he be awarded compensatory, punitive

damages, and mental anguish because of Defendant(s') intentional, negligent, and wanton

acts in violating the employment contract. Plaintiff prays for such other and further relief

as this Court deems just and proper in the premises.

Dated this _11th_ day of August 2005.

Robert Prueter, Plaintiff

J.E. Sawyer, Jr.        (SAW004)
Attorney for Plaintiff
203 South Edwards Street
Enterprise, AL 36330
(334) 347-6447

STATE OF ALABAMA      )
COUNTY OF COFFEE      )

Before me the undersigned authority personally appeared Robert Prueter who
being by me first duly sworn deposes and says that he has read the foregoing complaint
that he understands same and that the matters therein contained are true and correct to the
best of his knowledge.

Robert Prueter

Sworn to and subscribed before me this the _11th_ day of August 2005.

Notary Public
My Commission Expires: _07/03/05_

FILED
DALE COUNTY, AL

SEP 1 4 2005

MARY BLUDSWORTH
CIRCUIT CLERK

## IN THE CIRCUIT COURT FOR DALE COUNTY, ALABAMA

**ROBERT PRUETER,**                    *

      **PLAINTIFF,**                 *

**VS.**

                      *     **CASE NO: CV 05- 261**

**CDA DETECTIVE & SECURITY**
**SERVICES, a corporation or business**     *
**entity doing business in the State of**
**Alabama, R. Head, an individual,**     *
**and X, Y, and Z, being persons,**
**partnerships or corporations whose names**     *
**are otherwise unknown but will be added by**
**amendment when ascertained,**     *

      **DEFENDANTS.**                 *

### AMENDED COMPLAINT

      COMES NOW, Plaintiff, ROBERT PRUETER, by undersigned counsel, J.E. Sawyer, Jr., hereby files his Amended Complaint to include the following:

### COUNT II
#### *Breach of Contract*

      11.    Plaintiff re-alleges and incorporates Paragraphs 1 through 10 of Count I as if set out fully herein.

      12.    On or about the 07 July 2003, Plaintiff entered into a contract wherein Defendants agreed to employee Plaintiff as a Security Officer.

      13.    Defendants breached said agreement by failing to follow proper procedures.

      WHEREFORE, Plaintiffs demand judgment against Defendants in a reasonable sum to be determined by a jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

      Date this the 30th day of December, 2005.



Robert Prueter, Plaintiff

FILED
DALE COUNTY, AL

JAN - 4 2006

MARY BLUDSWORTH
CIRCUIT CLERK

J. E. Sawyer, Jr.
*Attorney for Plaintiff*
**203 South Edwards Street**
**Enterprise, Alabama 36330**
**(334) 347-6447**

STATE OF ALABAMA        )
                        )
COFFE COUNTY            )

Before me, the undersigned authority, personally appeared **ROBERT PRUETER**, who being by me first duly sworn deposes and says that he has read the foregoing Complaint and that the matters therein contained are true and correct.

Date this the 30ᵗʰ day of December, 2005.

SEAL

NOTARY PUBLIC
My Commission Expires: 3/8/09

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on the following by placing a copy of same in the U.S. Mail, postage prepaid on this ____ day of December, 2005.

John Maddox, Esquire
Carr, Allison, Pugh, Howard, Oliver & Sisson
256 Honeysuckle Road
Brightleaf Court Suite 6
Dothan, AL 36305

Jeff Weintraub, Esquire
Weintraub, Stock & Grisham, P.C.
1715 Aaron Brenner Drive, Suite 512
Memphis, TN 38120

Of Counsel

)                                    )

# IN THE CIRCUIT COURT FOR DALE COUNTY, ALABAMA

**ROBERT PRUETER,**

      **Plaintiff,**

**vs.**                                                          **No. CV 05-261-M**

**CDA DETECTIVE & SECURITY
SERVICES, a corporation or business
entity doing business in the State of
Alabama, R. Head, an individual, and
X, Y, and Z, being persons, Partnerships
or corporations whose names are otherwise
unknown but will be added by amendment
when ascertained.**

      **Defendant.**

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant CDA Detective & Security Services, hereinafter "CDA," by and through counsel and in response to Plaintiff's Complaint, hereby submits its Answer and Defenses, as follows:

## WRONGFUL TERMINATION

1.    Defendant has insufficient information to either admit or deny the allegations of paragraph 1 of Plaintiff's Complaint, and, therefore, Defendant denies the same, except that Defendant admits that Plaintiff is of legal age.

2.    Defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits the residency of Ronald Head but denies the remaining allegations of paragraph 3 concerning Ronald Head.

1

)                                              )

4.    Defendant has insufficient information to either admit or deny the allegations of paragraph 4 of Plaintiff's Complaint, and, therefore, Defendant denies the same.

5.    Defendant denies the allegations of paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits that Plaintiff was terminated on July 5, 2005, but denies the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.    Defendant admits that Plaintiff was terminated for failing to work on July 4, 2005, but denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.    Defendant admits the allegations of paragraph 9 of Plaintiff's Complaint.

10.    Defendant has insufficient information to either admit or deny the allegations of paragraph 10 of Plaintiff's Complaint, and, therefore, Defendant denies the same.

11.    Defendant denies that Plaintiff is entitled to the relief sought in the unnumbered paragraph beginning with "WHEREFORE."

12.    Defendant denies that Plaintiff is entitled to any relief whatsoever.

13.    Any allegations in the Complaint not heretofore admitted, answered, denied, or otherwise responded to, are hereby denied.

## AFFIRMATIVE DEFENSES

1.    In whole or part, Plaintiff's Complaint fails to state claims upon which relief may be granted.

2.    An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendant's due process rights and rights to equal protection under the Fourteenth Amendment to the United States Constitution and Alabama Constitution. Further, the imposition of punitive damages, based on these facts,

would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Alabama Constitution.

3.    Defendant at all times acted in good faith and in furtherance of its own legitimate, non-discriminatory business reasons.

4.    Plaintiff's claims are barred in whole or part, because Plaintiff was not injured in the manner or extent alleged.

5.    Defendant is entitled to a set-off for any monies received by Plaintiff from any source of employment subsequent to Plaintiff's application for employment with Defendant.

6.    Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses.

**WHEREFORE, PREMISES CONSIDERED** Defendant requests that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint against it with prejudice, and award Defendant its attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

CARR, ALLISON, PUGH, HOWARD, OLIVER & SISSON

BY: _____
John Maddox
Carr, Allison, Pugh, Howard, Oliver, & Sisson
256 Honeysuckle Road
Brightleaf Court Suite 6
Dothan, Alabama 36305
(334) 712-6459
(334) 712-0902 fax

FILED
_____ COUNTY, AL

NOV - 2 2005

_____
CIRCUIT CLE___

3

BY: _____
Jeff Weintraub, BPR # 9686
Weintraub, Stock & Grisham, P.C.
1715 Aaron Brenner Drive, Suite 512
Memphis, Tennessee 38120
(901) 526-0431

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

Notice was served by facsimile and U.S. mail postage prepaid to J.E. Sawyer, Jr. 203

South Edwards Street, Enterprise, Alabama 36330 this the 2nd day of November 2005.

_____
John Maddox

IN THE CIRCUIT COURT FOR DALE COUNTY, ALABAMA

ROBERT PRUETER,

       Plaintiff,

vs.                              No. CV 05-261-M

CDA DETECTIVE & SECURITY
SERVICES, a corporation or business
entity doing business in the State of
Alabama, R. Head, an individual, and
X, Y, and Z, being persons, Partnerships
or corporations whose names are otherwise
unknown but will be added by amendment
when ascertained.

       Defendant.

---

## DEFENDANT RONALD HEAD'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ronald Head, by and through counsel and in response to Plaintiff's Complaint, hereby submits his Answer and Defenses, as follows:

### WRONGFUL TERMINATION

1.     Defendant has insufficient information to either admit or deny the allegations of paragraph 1 of Plaintiff's Complaint, and, therefore, Defendant denies the same, except that Defendant admits that Plaintiff is of legal age.

2.     Defendant has insufficient information to either admit or deny the allegations as to the business status of CDA Detective & Security Services as alleged in paragraph 2 of Plaintiff's Complaint, and, therefore, Defendant denies the same, except that Defendant admits that CDA Detective & Security Service is doing business in Dale County, Alabama.

1

3.    Defendant admits the residency of Ronald Head but denies the remaining allegations of paragraph 3 concerning Ronald Head.

4.    Defendant has insufficient information to either admit or deny the allegations of paragraph 4 of Plaintiff's Complaint, and, therefore, Defendant denies the same.

5.    Defendant denies the allegations of paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits that Plaintiff was terminated on July 5, 2005, but denies the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.    Defendant admits that Plaintiff was terminated for failing to work on July 4, 2005, but denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.    Defendant admits the allegations of paragraph 9 of Plaintiff's Complaint.

10.    Defendant has insufficient information to either admit or deny the allegations of paragraph 10 of Plaintiff's Complaint, and, therefore, Defendant denies the same.

11.    Defendant denies that Plaintiff is entitled to the relief sought in the unnumbered paragraph beginning with "WHEREFORE."

12.    Defendant denies that Plaintiff is entitled to any relief whatsoever.

13.    Any allegations in the Complaint not heretofore admitted, answered, denied, or otherwise responded to, are hereby denied.

## AFFIRMATIVE DEFENSES

1.    In whole or part, Plaintiff's Complaint fails to state claims upon which relief may be granted.

2.    An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendant's due process rights and rights to equal

protection under the Fourteenth Amendment to the United States Constitution and Alabama Constitution. Further, the imposition of punitive damages, based on these facts, would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Alabama Constitution.

3.    Defendant at all times acted in good faith and in furtherance of its own legitimate, non-discriminatory business reasons.

4.    Plaintiff's claims are barred in whole or part, because Plaintiff was not injured in the manner or extent alleged.

5.    Defendant Ronald Head cannot be held liable for his actions as supervisor of Plaintiff.

6.    Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses.

**WHEREFORE, PREMISES CONSIDERED** Defendant requests that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint against it with prejudice, and award Defendant its attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

CARR, ALLISON, PUGH, HOWARD, OLIVER & SISSON

BY: _____
John Maddox
Carr, Allison, Pugh, Howard, Oliver, & Sisson
256 Honeysuckle Road
Brightleaf Court Suite 6
Dothan, Alabama 36305
(334) 712-6459
(334) 712-0902 fax

DEC 1 2 2005
CIRCUIT CLERK

3

BY: _____

Jeff Weintraub, BPR # 9686
Weintraub, Stock & Grisham, P.C.
1715 Aaron Brenner Drive, Suite 512
Memphis, Tennessee  38120
(901) 526-0431

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

Notice was served by facsimile and U.S. mail postage prepaid to J.E. Sawyer, Jr. 203

South Edwards Street, Enterprise, Alabama 36330 this the 9th day of December 2005.

John Maddox

4

)                                    )

# IN THE CIRCUIT COURT FOR DALE COUNTY, ALABAMA

**ROBERT PRUETER,**

       **Plaintiff,**

**vs.**                                     **Case No. CV 05-261-M**

**CDA DETECTIVE & SECURITY
SERVICES, a corporation or business
entity doing business in the State of
Alabama, R. Head, an individual, and
X, Y, and Z, being persons, Partnerships
or corporations whose names are otherwise
unknown but will be added by amendment
when ascertained.**

       **Defendants.**

---

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

      Defendants CDA Detective & Security Services, and Ron Head, hereinafter ("Defendants"), by and through counsel and in response to Plaintiff's Amended Complaint, hereby submits its Answer to Plaintiff's Amended Complaint and Defenses, as follows:

### COUNT I

1.    Defendants repeat and incorporate each and every response in their respective answers to the Complaint as if set forth herein in full.

### COUNT II

### BREACH OF CONTRACT

2.    Defendants repeat and incorporate each and every response in paragraphs 1-13 of their respective answers to the Complaint as if set forth herein in full.

1

)                                    )

3.      Defendants deny the allegations of paragraph 12 of Plaintiff's Amended Complaint.

4.      Defendants deny the allegations of paragraph 13 of Plaintiff's Amended Complaint.

5.      Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered paragraph beginning with "WHEREFORE."

6.      Defendants deny that Plaintiff is entitled to any relief whatsoever.

7.      Any allegations in the Complaint not heretofore admitted, answered, denied, or otherwise responded to, are hereby denied.

## AFFIRMATIVE DEFENSES

1.      In whole or part, Plaintiff's Complaint fails to state claims upon which relief may be granted.

2.      An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendant's due process rights and rights to equal protection under the Fourteenth Amendment to the United States Constitution and Alabama Constitution. Further, the imposition of punitive damages, based on these facts, would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Alabama Constitution.

3.      Defendant at all times acted in good faith and in furtherance of its own legitimate, non-discriminatory business reasons.

4.      Plaintiff's claims are barred in whole or part, because Plaintiff was not injured in the manner or extent alleged.

5.    Defendant is entitled to a set-off for any monies received by Plaintiff from any source of employment subsequent to Plaintiff's application for employment with Defendant.

6.    Defendants reserve the right to assert any and all other defenses not time-barred, as this litigation progresses.

7.    Defendants plead the employment-at-will doctrine as a bar to Plaintiff's claims and any recovery in this case.

**WHEREFORE, PREMISES CONSIDERED** Defendants request that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint against it with prejudice, and award Defendants their attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

CARR, ALLISON, PUGH, HOWARD, OLIVER & SISSON

BY: _____
John Maddox
Carr, Allison, Pugh, Howard, Oliver, & Sisson
256 Honeysuckle Road
Brightleaf Court Suite 6
Dothan, Alabama 36305
(334) 712-6459
(334) 712-0902 fax

BY: _____
Jeff Weintraub, BPR # 9686
Weintraub, Stock & Grisham, P.C.
1715 Aaron Brenner Drive, Suite 512
Memphis, Tennessee 38120
(901) 526-0431

3

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

Notice was served by facsimile and U.S. mail postage prepaid to J.E. Sawyer, Jr. 203

South Edwards Street, Enterprise, Alabama 36330 this the 1st day of February, 2006.

Of Counsel