IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT PRUETER, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| vs. | *  Civil Action No. 1:06cv694-PM |
| CDA DETECTIVE & SECURITY | * |
| SERVICES, et al. | * |
| | * |
| DEFENDANTS. | * |

**MOTION TO DISMISS
or, in the alternative,
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, Everett M. Urech, Attorney for the Defendants, CDA Detective & Security Services and R. Head, and moves that the court dismiss the case of the Plaintiff or, in the alternative, grant summary judgment in behalf of the Defendants. The Defendants submit that the Plaintiffs state law claims are preempted by Section 310 of the Labor Management Relations Act, 29 U.S.C. § 185 and that the Plaintiff has failed to exhaust his administrative remedies.

**FACTS**

The state law complaint of the Plaintiff is for "Wrongful Termination" and "Breach of Contract". Both complaints arise out of a collective bargaining agreement (CBA) concerning contract security guards at Fort Rucker, Alabama between CDA Detective & Security Services, known as CDA, Incorporated, and Local 401 of the United Government Security Officers of America (UGSOA). Mr. Prueter was hired under the collective bargaining agreement and was terminated

from his employment. His was terminated under Article 6 of the contract for failure to report for work. Defendant, Ron Head, is employed by CDA, Incorporated as the project manager of the Fort Rucker, Alabama operation and all of his actions were conducted in the line and scope of his official duties. Resolution of his case involves application and interpretation of portions of the collective bargaining agreement between UGSAO Local 410 and CDA, Incorporated. These CBA sections apply both to the wrongful termination claim and the breach of contract claim.

Article 5 of the CBA Section provides administrative remedies to the Plaintiff concerning his alleged wrongful termination and breach of contract. The CBA has a grievance procedure to include arbitration for such cases. It states,

> Section 5.1 INTENT
>
> For purposes of this Agreement, a grievance shall mean a claimed violation, misinterpretation, or misapplication of this Agreement or the challenge of any disciplinary action taken against a Union employee. ...
>
> Section 5.4 ARBITRATION PROCEDURE
>
> Grievances processed in accordance with the requirements of Section 5.3 that remain unsettled may be processed to arbitration by the Union, giving the Employer's Director Human Resources written notice of its desire to proceed to arbitration not later than fifteen (15) day after rejection of the grievance in Step 2. Grievances which have been processed in accordance with the requirement of Section 5.3 which remain unsettled shall be processed in a accordance with the following procedures and limitations....

The Plaintiff's case has not gone to arbitration as is provided in Section 5.4 of the CBA.

**ARGUMENT**

The Plaintiff has failed to exhaust his administrative remedies provided under the grievance procedure of the collective bargaining agreement. Employees claiming breach of a collective bargaining agreement or wrongful termination of employment by their employer are bound by that

agreement's terms providing a method for resolving disputes between them and their employer. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); Vaca v. Sipes, 386 U.S. 171, 184-85, 87 S.Ct. 903, 913-14, 17 L.Ed.2d 842 (1967). When employees asserting an arbitrable grievance have not attempted to utilize the dispute resolution machinery available to them under the agreement, their independent suit against the employer must be dismissed. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965).

## CONCLUSION

The Plaintiff's case should be dismissed, or, in the alternative, summary judgment should be granted to the Defendants in this case.

Respectfully, submitted this 14th Day of August, 2006.

s/ Everett M. Urech

Everett M. Urech (ASB 6693-E44E)
Attorney for Defendants
Urech & Livaudais, P.C.
Post Office Drawer 70
Daleville, Alabama 36322
(334) 598-4455/fax-598-2076
daleatty@snowhill.com

**CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the above and foregoing document, upon counsel of record in this litigation, according to law, by electronic filing and by placing a copy of same in the United States Mail, postage prepaid and properly addressed to the party below on this 14th day of August, 2006.

Mr. J.E. Sawyer, Jr.
Attorney for the Plaintiff
203 South Edwards Street
Enterprise, AL 36330
jesawyer@adelphia.net

            s/ Everett M. Urech

            Of Counsel